IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LEWIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 17-5507 |
| | : | |
| v. | : | |
| | : | |
| ARIA HEALTH, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

Smith, J.                                                                                                                          March 27, 2018

The *pro se* plaintiff, Andre Lewis ("Lewis"), commenced this action by filing a complaint that the clerk of court docketed on December 7, 2017.[1] Doc. No. 1. Because Lewis neither paid the filing fee and administrative fee nor filed an application to proceed *in forma pauperis*, the court entered an order on December 12, 2017, which, *inter alia* (1) directed the clerk of court to provide Lewis with a blank copy of the court's standard prisoner *in forma pauperis* form bearing this civil action number, (2) required Lewis to, within 30 days of the date of the order, either (a) remit the $350.00 filing fee and $50.00 administrative fee to the clerk of court, or (b) file an application for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a

---

[1] In the complaint, Lewis alleges that he is currently incarcerated at the State Correctional Institution at Houtzdale. *See* Compl. at 1. He states that on January 23, 2017, he was rushed to the Aria Health emergency room for treatment of life threatening head injuries he sustained while being held for trial at the Curran-Fromhold Correctional Facility in Philadelphia. *Id.* After being admitted into the hospital, an Aria Health "official" recklessly disregarded Lewis's health by discharging him after having a heated argument with a prison official who was standing guard over Lewis. *Id.* The argument was unrelated to the reasons why Lewis was admitted to the hospital. *Id.*
      After complaining of constant head pain and vomiting for ten days, Lewis was taken to Temple University Hospital for further treatment. *Id.* at 1-2. Medical personnel at Temple University Hospital performed multiple tests, which revealed that Lewis had "'old and new' blood on the brain." *Id.* at 2. Doctors then rushed Lewis to the trauma unit where he stayed until the bleeding stopped. *Id.*
      Lewis asserts that based on the defendant wrongfully discharging him from the hospital on January 23, 2017, he is seeking $850,000 in damages for pain and suffering, emotional distress, and medical malpractice. *Id.*

current balance from any correctional facility in which he was confined for the six-month period prior to the date he filed the complaint. *See* Order at 1, Doc. No. 2. The court also informed Lewis that if he failed to comply with the order, the court may dismiss the case without prejudice without further notice to him. *See id.* at 2.

On January 9, 2018, Lewis filed a motion seeking a 15-day extension so that he could obtain a certified copy of his inmate account statement. Doc. No. 3. The following day, the court entered an order granting the motion and directing that Lewis either pay the filing fee and administrative fee or file an application for leave to proceed *in forma pauperis* by no later than January 31, 2018. *See* Order, Doc. No. 4.

Lewis filed an application to proceed *in forma pauperis* and a purported inmate account statement showing account activity from December 8, 2017, to January 11, 2018. *See* Doc. Nos. 5, 6. As Lewis failed to include a certified copy of his prisoner account statement for the six-month period prior to the filing of this civil action on December 7, 2017, the court entered an order denying the application to proceed *in forma pauperis* without prejudice on February 6, 2018. *See* Order, Doc. No. 7. The court also directed the plaintiff to once again, within 30 days from the date of the order, either (1) remit the filing fee and administrative fee to the clerk of court, or (2) file an application for leave to proceed *in forma pauperis* with a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance from any correctional facility in which he was confined for the six-month period from June 7, 2017, through December 7, 2017, reflecting account activity during that time period. *Id.* at 2.

Despite the passage of 49 days since the date of the February 6, 2018 order, Lewis has not (1) refiled an application to proceed *in forma pauperis* with a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any

correctional facility in which he was confined from June 7, 2017, through December 7, 2017, or (2) remitted the $350 filing fee and $50 administrative fee to the clerk of court. He has also not sought an extension of time to file the *in forma pauperis* application or pay the filing and administrative fees. Therefore, Lewis has not complied with the court's February 6, 2018 order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court may also *sua sponte* dismiss an action for lack of prosecution, in the absence of a motion to dismiss, "in order to achieve the orderly and expeditious disposition of cases." *Allen v. American Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (per curiam).

If the court was considering dismissing this action with prejudice for lack of prosecution, the court would undoubtedly have to consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994) ("Ordinarily, when a court is determining *sua sponte* or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute" the court must consider the *Poulis* factors); *see also McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) ("Typically, district courts are required to evaluate the factors set forth by [*Poulis*] to determine whether dismissal is appropriate."). Here, the court intends to dismiss this action without prejudice, and it does not appear that there are any statute of limitations concerns as Lewis alleges that the incidents at issue occurred in January 2017. *See* Compl. at 1.[2] Therefore, it does not appear that the court must consider *Poulis* before dismissing

---

[2] "The statute of limitations applicable to § 1983 claims in Pennsylvania is two years." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citation omitted). The Third Circuit has required district courts to apply *Poulis* where "a *pro se* litigant's right to bring suit may well be irretrievably lost if the dismissal stands." *Hernandez v. Palakovich*, 293 F. App'x 890, 894 n. 8 (3d Cir. 2008) (per curiam).

this action without prejudice.[3] Accordingly, the court will dismiss this action without prejudice due to Lewis's failure to prosecute.[4]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[3] Even if the court were to consider *Poulis*, dismissal of this action without prejudice would still be appropriate. The six *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868.

[4] The court notes that there appear to be issues with subject-matter jurisdiction insofar as it is possible that the parties are not completely diverse and Lewis has not asserted a federal claim.